IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PRIME VICTOR INTERNATIONAL LIMITED | : | CIVIL ACTION |
| | : | |
| | : | |
| v. | : | NO. 23-176-MAK |
| | : | |
| SIMULCRA CORPORATION | : | |

## ORDER

AND NOW, this 11th day of October 2023, upon considering Plaintiff's Motion to register judgment (D.I. 48) and Motion for charging order (D.I. 46), mindful Defendant timely appealed (D.I. 44) and the Court of Appeals's docket at No. 23-2622 (3d Cir.) confirms Defendant is seemingly moving forward on its appeal, noting Plaintiff did not comply with our Policies on motions requiring it state the position of the opposing party, finding Plaintiff nevertheless shows good cause to register the judgment after October 25, 2023[1],  but finding Plaintiff offers no authority for this Court entering a charging Order under Delaware Law, it is **ORDERED:**

1.      We **GRANT** Plaintiff's Motion to register judgment (D.I. 48) upon its showing of good cause in the Southern District of California, District of Nevada, and in other Districts where Plaintiff determines Defendant has real and/or personal property but not to be filed in those Districts until after **October 25, 2023**[2]; and,

2.      We **DENY** Plaintiff's Motion for a charging Order (D.I. 46) **without prejudice** to moving again with a basis for this Court to enter a charging order upon a Delaware limited liability company under Delaware Law. [3]

KEARNEY, J.

---

[1] Prime Victor's counsel called yesterday (without opposing counsel) asking our Deputy why we had not ruled on its non-compliant Motions, asking when we planned to do so, and representing to us Simulcra offered no objection to the Motions. We suggest Prime Victor comply with our Policies on motion practice next time before contacting the Court particularly when it knows of Simulcra's ongoing appeal. But we are mindful of Rule 69's purposes and again examined the arguments. We see no basis to challenge the registration of the Judgment in other districts based on the demonstrated good cause but defer Prime Victor's ability so we can confirm Simulcra cannot offer a fact or legal basis to challenge the registration based on good cause.

[2] Congress, in 28 U.S.C. § 1963, allows judgment creditor Prime Victor to register our July 14, 2023 Judgment (D.I. 38) in any judicial district by filing a certified copy of the Judgment in the judicial district if the "judgment has become final by appeal or expiration of the time for appeal **or when ordered by the court that entered the judgment for good cause.**" (emphasis added). We today address registering judgment while appeals are pending if Prime Victor can show good cause. *Moon Express, Inc. v. Intuitive Machines, LLC*, No. 16-344, 2018 WL 4972220, at *9 (D. Del. Oct. 15, 2018) (finding "good cause" when judgment debtor does not contest judgment creditor's assertion it "has insufficient assets in Delaware," but "substantial assets in other districts"); *see Great Am. Ins. Co. v. Stephens*, No. 04-3642, 2006 WL 2349991, at *2-3 (E.D. Pa. Aug. 11, 2006) (finding "good cause" when the judgment creditor swore "detailing Defendants' financial status both as discovered through independent research and as disclosed during settlement negotiations"). Commentary to section 1963 instructs our interpretation of "good cause": a court can permit registration for "good cause" by "a mere showing that the defendant has substantial property in the other district and insufficient in the rendering district to satisfy the judgment." *Associated Bus. Tel. Sys. Corp. v. Greater Cap. Corp.*, 128 F.R.D. 63, 66 (D.N.J. 1989) (citing Siegel, *Commentary to 1988 Revision*, 28 U.S.C. § 1963 (West 1989)). Prime Victor satisfied good cause through its independent research utilizing public databases finding Simulacra has no real or personal property in Delaware but has substantial personal or real property in California and Nevada. But we stay Prime Victor's registration until after October 25, 2023.

[3] The Supreme Court, through Federal Rule 69, provides "procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." Delaware law provides: "On application by a judgment creditor of a member or of a member's assignee, a court having jurisdiction may charge the limited liability company interest of the judgment debtor to satisfy the judgment. To the extent so charged, the judgment creditor has only the right to receive any distribution or distributions to which the judgment debtor would otherwise have been entitled in respect of such limited liability company interest." 6 Del. Code § 18-703(a). A charging order is the exclusive remedy "by which a judgment creditor of a member...may satisfy a judgment out of a judgment debtor's limited liability company interest." *Id.* at (d). "The Court of Chancery shall have jurisdiction to hear and determine any matter relating to any such charging order." *Id.* at (f).

Prime Victor could seek a charging order in the Court of Chancery consistent with Delaware Law. But it chose here. Prime Victor does not offer authority, and our research did not uncover authority, allowing a federal court to enter a charging order under Delaware law granting jurisdiction to the Court of Chancery and possibly to the Superior Court under earlier guidance.

2

---

*But see Sec. & Exch. Comm'n v. Brogdon*, No. 15-8173, 2021 WL 2802153, at *6-7 (D.N.J. July 2, 2021) (Judge McNulty granted the Commission's motion for entry of charging order against a foreign entity under New Jersey law based on the New Jersey statute which references only a "court" rather than, as here, a specific state court); *Bridev One, L.L.C. v. Regency Centers, L.P.*, No. N14C–07–115, 2018 WL 1535406, at *4-5 (Del. Super. Ct. Mar. 26, 2018) (Judge Streett found a 2005 amendment to Delaware Law did not divest the Superior Court of its longstanding ability to issue a charging order under 6 Del. Code § 18-703).